## Polinski v. Vincent

*Charles B. Pursel,* for plaintiff.

*Robert E. Bull,* for defendant.

KREISHER, P. J., August 23, 1971.—The above-captioned action was instituted by the filing of a complaint in accordance with Pennsylvania Rule of Civil Procedure 1143 on August 11, 1969 and the sheriff made personal service on defendant on the same date.

On August 28, 1969, counsel for defendant filed preliminary objections to the complaint in the nature of a motion for a more specific complaint and in the nature of a demurrer.

The reasons stated for a more specific complaint are the failure to state the time and place of two alleged subsequent agreements changing the terms of the mortgage, and the failure to attach a copy of said agreements if they were in writing as required by Pa. R. C. P. 1019 (h).

The argument in support of the demurrer is the failure to allege a default under the terms of the mortgage as required by Pa. R. C. P. 1147(4) and that the terms of the mortgage fall within the protection of the statute of frauds (Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1) and any subsequent modification of said terms requires the same formality and solemnity as the original contract. Defendant also contends plaintiff is barred from changing the terms of the mortgage by any alleged later oral agreement by reason of the parol evidence rule, and, since one of the mortgagors is now dead, by the application of the Act of 1887, P. L. 158, sec. 5(a) 28 PS §322, commonly referred to as the "Dead Man's Rule."

Mortgage foreclosure rules, Pa. R. C. P. 1141 to 1150, provide the action shall conform to assumpsit and the rules of pleading shall be in accordance with the assumpsit rules, so defendant may raise said issues by way of preliminary objections.

A demurrer shall be sustained only in clear cases, where from the pleadings the question is one of law and not fact. If from the pleadings, it clearly appears the court would have to enter a compulsory nonsuit at the close of plaintiff's case, then the demurrer should be sustained and defendant relieved from appearing in court.

In 24 P.L.E. Mortgages, sec. 81, p. 506, it is stated:

"Ordinarily, mortgages are governed by the same rules of construction that apply to other written instruments. The primary task in interpretation of a mortgage is the ascertainment of the intentions of the parties. This should be accomplished, whenever possible, by giving meaning to all the words and clauses used in the documents. However, a mortgage should not be construed arbitrarily by its terms, but always with reference to the purpose for which it was made and the object intended to be achieved in its operation.

"Prior and contemporaneous negotiations are merged in, or superseded by, a final, formal and integrated mortgage."

Reviewing the allegations of the complaint in light of the foregoing rules, the undisputed facts reveal plaintiff was an uncle of defendant's deceased husband.

In 1966, defendant and her husband owned a lot in the real estate development Sherwood Village just east of the Town of Bloomsburg. On May 6th, they executed a mortgage against said real estate in favor of plaintiff in the amount of $19,000, which was duly recorded. The mortgage provides the principal sum shall be, "payable within twenty (20) years from the date hereof, without interest. Mortgagors shall have the privilege of paying all or any part of the said principal sum at any time."

Plaintiff is a resident of Ohio and, following the death of defendant's husband, this action was instituted. After counsel for defendant filed said objections, amicable negotiations were attempted so the matter was never brought to the attention of the court.

On November 14, 1969, defendant filed an answer to the complaint and under the heading new matter the affirmative defense of the statute of frauds was

pleaded in accordance with Pa. R. C. P. 1030, as amended, effective September 1, 1969.

On March 30, 1970, counsel for plaintiff filed a reply to said "New Matter." In paragraph 10, counsel for plaintiff denies the subsequent oral promises or agreements were intended to change the terms of payment, but alleges they were intended to explain, or supplement, or clarify, or modify the written mortgage terms as to the time and manner of payment.

At the oral argument, counsel for plaintiff endeavored without much success in our opinion to explain the obvious inconsistent statements above quoted by contending the mortgage payment terms were ambiguous, therefore the later agreements are admissible to explain the intentions of the parties. Denial of the attempt to change the terms and at the same time allege intended modification is an effort to make a distinction without a difference.

Counsel concedes the terms, "payable in 20 years, without interest" is unambiguous, but argues the right reserved to pay "all or any part of the said principal sum at any time" gives rise to the alleged ambiguity. We find no merit in this reasoning, as the terms appear crystal clear to us, requiring no construction, interpretation or explanation. True, the first provision may seem very generous, but we conclude it was intended to be generous. The second provision was likewise inserted for the mortgagors' benefit so as to enable them to remove the lien of the mortgage from their property in the event such a requirement arose during the 20-year period. There is no possible way, as counsel contends, said second provision should be interpreted to call for accelerated monthly payments to reduce the principal sum. If the parties intended a periodic reduction over the 20-year period, it would have been a simple matter to insert such a

provision in the terms. However, where no such agreement appears, a court cannot insert one where no fraud or mistake is alleged.

Plaintiff filed an amended complaint on October 27, 1969, which reads as follows:

"AND NOW, Peter P. Polinski, Plaintiff, by his Attorney, Charles B. Pursel, hereby files the following amendment to the original complaint in Mortgage Foreclosure filed in this action; said amendment being filed in accordance with stipulation with counsel for the Defendant.

"First—The entire Complaint in Mortgage Foreclosure as filed previously in this action is incorporated herein by reference thereto.

"Second—Paragraph 7 of the aforementioned original Complaint in Mortgage Foreclosure is hereby amended by the addition of the following paragraph.

'The aforementioned original agreement referred to above for the payment of $100.00 per month was an oral agreement entered into between Peter P. Polinski and Lester J. Vincent and Ann Vincent on or about May 9, 1966 at the time of the execution of the mortgage bearing that date. This oral agreement for the payment of $100.00 per month was subsequently modified by oral agreement between all of the aforementioned parties on or about November 25, 1966 to provide for the payment of the sum of $60.00 per month toward the reduction of the mortgage debt. Subsequent to the death of Lester J. Vincent in February of 1968, Ann Vincent made an oral agreement with Peter Polinski to continue to pay on the mortgage debt at the rate of $60.00 per month.' "

The well-established rules to be applied to cases of this nature are set forth in the case of Brown, to use, v. Aiken, 329 Pa. 566. Beginning on page 579 of the court's opinion, it is stated:

"In Safe Deposit & Trust Co. v. Diamond Coal & Coke Co., 234 Pa. 100, 83 A. 54, this court, in an opinion by Justice Mestrezat, said: 'It is the doctrine of this court, declared in numerous cases, that where a written agreement is varied by oral testimony the whole contract in legal contemplation becomes parol. If there is anything settled in our law that principle is firmly established. When therefore a party to an executory agreement in writing for the sale of lands succeeds in reforming it by oral testimony he reduces the whole agreement to a parol contract, and deprives himself of the right to have it specifically performed. He pulls down the house on his own head. When he converts the writing into an oral agreement, the statute declares it to "be void." He has rectified the written contract and in its place has established an agreement which in contemplation of law is parol and therefore, by statutory mandate, absolutely invalid and without force . . . The statute is not a mere rule of evidence, but a limitation of judicial authority to afford a remedy.'

"The rule that when a contract is required by the Statute of Frauds to be in writing its terms cannot be orally modified is well settled. The modification of a contract is subject to the same test to determine validity as is the original contract."

Applying the foregoing principles to the admitted facts, it appears obvious under the parol evidence rule that the entire transaction becomes parol and there could be no mortgage foreclosure, but suit could be instituted upon the subsequent oral agreement. However, plaintiff would then have to somehow circumvent the proscription of the said "Dead Man's Rule" in order to prove his case.

It is just as obvious under the rule that the terms of a written contract required by the statute of frauds

cannot be orally modified, that the terms of the mortgage show no default and that foreclosure cannot be made at this time.

## ORDER OF COURT

And now, to wit, August 23, 1971, it is ordered and decreed that defendant's preliminary objections be treated as a motion for summary judgment under Pa. R. C. P. 1034-1035 and that the same be granted. The prothonotary upon praecipe filed shall enter judgment in favor of defendant. Exception noted.